UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WOMAN'S HOSPITAL FOUNDATION,                                    PLAINTIFFS
d/b/a WOMAN'S HOSPITAL;
KYRIA K. BELL;
MANDY M. MANCUSO; and LAKASKA N.
REED

VS.                                                CIVIL ACTION NO. 07-711-JJB-DLD

ROXANE TOWNSEND, M.D., in Her Official
Capacity as Acting Secretary of the Louisiana
Department of Health and Hospitals; and
CHARLES F. CASTILLE, in His Official
Capacity as Undersecretary of the Office of
Management and Finance of the Louisiana
Department of Health and Hospitals                              DEFENDANTS

**JOINT MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO
ADMINISTRATIVELY CLOSE CASE PENDING SETTLEMENT DISCUSSIONS**

NOW COME Woman's Hospital Foundation, d/b/a Woman's Hospital ("Woman's Hospital"), Kyria K. Bell, Jorie Learson, Tierra Lewis, Mandy M. Mancuso, Lakaska N. Reed, Emma Rinehart and Deborah Robins (collectively, "Plaintiffs") and Alan Levine, in his official capacity as Secretary of the Louisiana Department of Health and Hospitals, and Charles F. Castille, in his official capacity as Undersecretary of the Louisiana Department of Health and Hospitals ("Defendants")(all collectively identified herein as "Movers"), each appearing herein through their undersigned counsel, who hereby move that this Court stay these proceedings for sixty (60) days, or in the alternative, administratively close this case, pending settlement discussions, for the following reasons:

1

1.

This case asserts a series of claims brought by the Plaintiffs pursuant to 42 U.S.C. § 1983 against the Defendants, alleging that they have failed to administer the Louisiana Medicaid Program in compliance with federal law, as set forth in the Medicaid Act, 42 U.S.C. §1396, *et. seq.*, and as otherwise required under the U.S. Constitution. The Defendants have steadfastly and vigorously denied those allegations.

2.

At the present time, this case has not yet been fixed by the Court for trial. However, the parties are in the midst of extensive pre-trial discovery and a series of rapidly approaching deadline dates set pursuant to an agreed Scheduling Order in the case are now imminent, including: (1) a May 1, 2010 deadline for the Plaintiffs to identify their experts, (2) a June 1, 2010 deadline to file all discovery motions and complete all non-expert discovery, (3) a June 1, 2010 deadline for the Plaintiffs to produce their expert reports, (4) a July 1, 2010 deadline for the Defendants to identify their experts, (5) a August 1, 2010 deadline for the Defendants to produce their expert reports, (6) a August 15, 2010 deadline for filing all dispositive motions, and (7) a November 1, 2010 deadline for completing all discovery from experts. *See* Scheduling Order dated April 14, 2008 (Document #17), as amended by Order dated June 25, 2009 (Document #40) and as further amended by Order dated January 20, 2010 (Document #45).

3.

In the context of the pendency of these proceedings, the parties are currently engaged in detailed and extensive settlement discussions, and have begun to explore several different settlement possibilities, which could lead to an agreement among the parties to resolve the issues

presented in the lawsuit, potentially resulting in its settlement and dismissal. However, because of the complexity of many of the issues relating to the claims asserted in the lawsuit – and the myriad of applicable rules, regulations, laws and procedures that may require evaluation and consideration in order to implement any settlement reached amongst the parties – that process will require the devotion of a considerable amount of time and attention by the parties over the course of the next ninety (90) days in order to complete.

4.

Accordingly, the parties hereby request that this Court agree to stay these proceedings for ninety (90) days, in order to afford them the opportunity to complete their settlement discussions. If the parties are able to reach an agreed settlement of this case prior to the expiration of this period, they will notify the Court of that fact and request that this case either be dismissed, or that other action of the Court be taken consistent with any such agreed settlement. If the parties, despite their best efforts, have been unable to reach a settlement of the case after the expiration of that period, they will so notify the Court of that fact and request that this case be reopened, with the deadlines previously fixed by the Court to be recalculated to take into account the delay resulting from the ninety (90) day stay pending the parties' settlement efforts.

5.

In addition, or in the alternative, the parties further request that this Court close this case administratively, to be reopened upon the request of the parties, in the event that they are unable to resolve this matter amicably.

3

6.

The parties aver that granting the requested relief will allow them the opportunity to engage in these detailed settlement discussions without the necessity of having to simultaneously complete the required expert and fact discovery in which they are now engaged, or otherwise prepare for trial of this matter, which may be rendered unnecessary if the parties can reach an amicable resolution of the issues in this case.  Furthermore, the discovery efforts now required to prepare this case for trial and meet the existing deadline dates now fixed in this proceeding are not just time-consuming, but are also extremely expensive, as they require the retention and advice of experts knowledgeable about the sophisticated Medicaid cost-reporting issues involved in this litigation.  In this respect, the relief now requested by the parties would serve the interests of this Court in promoting judicial efficiency and economy in this case, by allowing the parties to devote their time and efforts now in a good-faith effort to settle the issues of this litigation, rather than continue to spend time and money on discovery and other trial preparation which may otherwise be rendered unnecessary.

7.

As required by Local Rule 7.4.1 of the Local Rules of this Court, Movers specifically aver and certify that undersigned counsel for all Plaintiffs and Defendants herein have specifically consented to and have joined in this Motion and have no objection or opposition to the entry of the relief requested herein.

WHEREFORE, Woman's Hospital Foundation, d/b/a Woman's Hospital, Kyria K. Bell, Jorie Learson, Tierra Lewis, Mandy M. Mancuso, Lakaska N. Reed, Emma Rinehart and Deborah Robins ("Plaintiffs") and Alan Levine, in his official capacity as Secretary of the Louisiana Department of Health and Hospitals, and Charles F. Castille, in his official capacity as

Undersecretary of the Louisiana Department of Health and Hospitals ("Defendants"), do hereby jointly move that this Court stay these proceedings for ninety (90) days, or in the alternative, administratively close this case, pending settlement discussions amongst the parties.

Dated: March 18, 2010.

Respectfully submitted,

PLAINTIFFS

WOMAN'S HOSPITAL FOUNDATION,
d/b/a WOMAN'S HOSPITAL

By Its Attorneys

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

DONNA D. FRAICHE (LA Bar # 05814)
450 Laurel Street
Chase Tower North 20th Floor
Baton Rouge, LA 70801
(225) 381-7000 phone
(225) 343-3612 fax
dfraiche@bakerdonelson.com (Donna Fraiche)
jdecuir@bakerdonelson.com (Jennifer DeCuir)

And

AUBREY B. HIRSCH, JR. (LA Bar #06948)
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
(504) 566-5218 phone
(504) 636-3918 fax
ahirsch@bakerdonelson.com

And

BARRY K. COCKRELL
(Mississippi Bar #6327)
Meadowbrook Office Park
4268 I-55 North
Jackson, MS 39211

5

(601) 351-2426 phone
(601) 592-2426 fax
bcockrell@bakerdonelson.com

BY: s/ Donna D. Friache
    DONNA D. FRAICHE, Trial Attorney
    for Woman's Hospital Foundation,
    d/b/a Woman's Hospital

          And

KYRIA K. BELL; MANDY M. MANCUSO;
LAKASKA N. REED; JORIE LEARSON;
TIERRA LEWIS; EMMA RINEHART and
DEBORAH ROBINS

By Their Attorneys

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

DONNA D. FRAICHE (LA Bar # 05814)
450 Laurel Street
Chase Tower North 20th Floor
Baton Rouge, LA 70801
(225) 381-7000 phone
(225) 343-3612 fax
dfraiche@bakerdonelson.com (Donna Fraiche)
jdecuir@bakerdonelson.com (Jennifer DeCuir)

          And

AUBREY B. HIRSCH, JR. (LA Bar #06948)
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
(504) 566-5218 phone
(504) 636-3918 fax
ahirsch@bakerdonelson.com

          And

BARRY K. COCKRELL
(Mississippi Bar #6327)
Meadowbrook Office Park
4268 I-55 North
Jackson, MS 39211

6

(601) 351-2426 phone
(601) 592-2426 fax
bcockrell@bakerdonelson.com

And

CRAWFORD LEWIS, PLLC
JAMES R. LEWIS (LA Bar #08844)
LEIGH F. GROVES (LA Bar #23737)
450 Laurel Street, Suite 1600
Baton Rouge, LA 708001
(225) 343-5290 phone
(225) 383-5508 fax
jlewis@crawford-lewis.com (James Lewis)
lgroves@crawford-lewis.com (Leigh Groves)

BY: s/ James R. Lewis
  JAMES R. LEWIS, Trial Attorney
  For Individual Plaintiff Beneficiaries

DEFENDANTS

ALAN LEVINE, in his official capacity as
Secretary of the Louisiana Department of Health
and Hospitals of the State of Louisiana, and
CHARLES CASTILLE, in his official capacity as
the Undersecretary of the Louisiana Department of
Health and Hospitals

By Their Attorneys
STEPHEN R. RUSSO, T.A. (23284)
DOUGLAS L. CADE (22747)
JOANNE HENIG (06785)
REBECCA P. DeLaSALLE (30142)
LOUISIANA DEPARTMENT OF HEALTH &
HOSPITALS – BUREAU OF LEGAL SERVICES
628 N.4th Street, Bienville Building
P.O. Box 3836
Baton Rouge, LA 70821-3836
(225) 342-1103 phone
(225) 342-3805 fax
SRUSSO@dhh.la.gov

By: s/ Stephen R. Russo
  STEPHEN R. RUSSO, Trial Attorney
  For DEFENDANTS

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing **Joint Motion to Stay Proceedings, Or In The Alternative, To Administratively Close Case Pending Settlement Discussions** has been electronically filed with the Clerk of Court for the United State District Court – Middle District of Louisiana and has been served upon all parties to this proceeding through delivery to their counsel of record by electronic notice on this 18th day of March, 2010, to the following:

| | |
|---|---|
| DONNA D. FRAICHE (LA Bar # 05814)<br>450 Laurel Street<br>Chase Tower North 20th Floor<br>Baton Rouge, LA 70801<br>dfraiche@bakerdonelson.com | BARRY K. COCKRELL (MS Bar #6327)<br>Meadowbrook Office Park<br>4268 I-55 North<br>Jackson, MS 39211<br>bcockrell@bakerdonelson.com |
| JAMES R. LEWIS (LA Bar #08844)<br>LEIGH F. GROVES (LA Bar #23737)<br>450 Laurel Street, Suite 1600<br>Baton Rouge, LA 708001<br>jlewis@crawford-lewis.com<br>lgroves@crawford-lewis.com | STEPHEN R. RUSSO, T.A. (23284)<br>DOUGLAS L. CADE (22747)<br>JOANNE HENIG (06785)<br>REBECCA P. DeLaSALLE (30142)<br>Louisiana Department of Health an<br>Hospitals – Bureau of Legal Services<br>628 N. 4th Street, Bienville Building<br>P.O. Box 3836<br>Baton Rouge, LA 70821-3836<br>SRUSSO@dhh.la.gov |

BY: s/ Aubrey B. Hirsch, Jr.

AUBREY B. HIRSCH, JR. (LA Bar #06948)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
(504) 566-5218 phone
(504) 636-3918 fax
ahirsch@bakerdonelson.com

8

Case 3:07-cv-00711-JJB-DLD   Document 47   03/18/10   Page 8 of 8